**UNITED STATES of America,
Respondent-Appellee,**

**v.**

**Raymond Harrington COSSEY,
Petitioner-Appellant.**

**No. 46, Docket 32226.**

United States Court of Appeals
Second Circuit.

Argued Sept. 20, 1968.

Decided Oct. 10, 1968.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City, on the brief), for petitioner-appellant.

Jerome C. Ditore, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., Eastern District of New York, on the brief), for respondent-appellee.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Raymond Cossey appeals from an order denying after a hearing a motion for a writ of Error Coram Nobis, 28 U.S.C. § 1651, to vacate a judgment of conviction entered in 1944, Galston, *District Judge,* Appellant was sentenced to two-and-one-half years in prison for failure to report for induction into the armed services and has served his sentence.

Appellant's sole testimony at the hearing was his own. He stated that he had no recollection of being advised of his right to counsel at arraignment, nor of his right to plead "not guilty." He remembers, upon entering a plea of "guilty," writing a note to Judge Galston asking for leniency at sentencing and, relying thereon, foregoing his right to allocution. He avers further that he had no

counsel at sentencing and did not knowingly waive this right.

Against this testimony, the Government offered the official records of the court for June 5, 1944, which indicated rather clearly that appellant had been advised of his various rights and that he had waived these rights. Oral testimony by a deputy clerk of the district court, who had been a court crier in the court in 1944, corroborated the fact that it had been Judge Galston's practice to advise defendants of their right to counsel or assigned counsel.

Judge Mishler, at the conclusion of the hearing, found that appellant had been advised of his right to counsel or to assigned counsel, that he had understood that he had such a right, that he had knowingly waived the right and that the waiver continued through sentencing. He also found that the plea of guilty had been entered voluntarily, and that the right to allocution at sentencing had been waived voluntarily.

That portion of the appellant's argument which urges that waiver of counsel did not continue through sentencing is not relevant since appellant has served his time on the sentence. No purpose would be served now by a re-sentencing since appellant seeks only to be relieved of the stigma of the judgment of conviction. And in all his findings, Judge Mishler appears to have been thorough in the difficult task of evaluating the circumstances surrounding a conviction nearly a quarter of a century ago. He was certainly not clearly in error in his findings, and we affirm his order.

Possibly some means may be found through executive action or other governmental agency to relieve the appellant of any stigma of his conviction twenty-four years ago and any present consequences thereof. This is a matter which cannot be resolved by the courts in this proceeding. It would seem that appellant long since would have paid the penalty for his 1944 conviction and that potential employers should have the flexibility to evaluate the present situation in the light of the past history.